# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED QAISAR MADAD,<br><br>       Petitioner,<br><br>    v.<br><br>GEORGINA PUENTES,<br><br>       Respondent. | Case No.: 1:19-cv-00488-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

      Petitioner is in the custody of the Bureau of Prisons at the Taft Correctional Institution in Taft, California. He filed the instant federal petition on April 15, 2019, challenging his conviction. Because a petition for writ of habeas corpus ad subjiciendum is not cognizable, and because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow Petitioner to challenge his conviction by way of § 2241, the Court will recommend that the instant petition be DISMISSED.

## BACKGROUND

      On November 5, 2012, Petitioner pled guilty to wire fraud (18 U.S.C. § 1343) and tax fraud (26 U.S.C. § 7206(1)) in the United States District Court for the Central District of California. (Doc. 1 at 10-11, 20.) See also United States v. Madad, 588 Fed.Appx. 666 (9th Cir. 2014). Pursuant to the amended judgment, the District Court sentenced Petitioner to a term of 151 months in federal prison. (Doc. 1 at 2.)

Petitioner appealed to the Ninth Circuit Court of Appeals. On January 12, 2015, the Ninth Circuit denied the appeal and affirmed judgment. See United States v. Madad, Case No. 13-50311, Doc. 130 (9th Cir. 2015). He then filed a petition for writ of certiorari to the United States Supreme Court, and the petition was denied on April 27, 2015. Madad v. United States, __ U.S. __, 135 S.Ct. 1908 (2015).

On April 12, 2016, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the trial court. Madad, Case No. 13-50311, Doc. 147. The court denied the motion on September 22, 2016. Id., Docs. 166, 167. On October 11, 2016, Petitioner appealed to the Ninth Circuit, and the appeal was denied on November 16, 2016. Id., Docs. 169, 170, 175. He filed a motion for reconsideration in the Ninth Circuit, and the Ninth Circuit denied the motion on July 17, 2017. (Doc. 1 at 25.) Petitioner then filed a petition for writ of certiorari to the United States Supreme Court. The Supreme Court denied the petition on October 30, 2017. Madad v. United States, __ U.S. __, 138 S.Ct. 403 (2017).

## DISCUSSION

Petitioner captions his petition as a writ of habeas corpus ad subjiciendum, also known as the "Great Writ." Stone v. Powell, 428 U.S. 465, 475 n. 6 (1976). The Supreme Court has explained the writ as follows:

> The authority of federal courts to issue the writ of habeas corpus ad subjiciendum was included in the first grant of federal-court jurisdiction, made by the Judiciary Act of 1789, c. 20, § 14, 1 Stat. 81, with the limitation that the writ extend only to prisoners held in custody by the United States. The original statutory authorization did not define the substantive reach of the writ. It merely stated that the courts of the United States "shall have power to issue writs of ... Habeas corpus. . ." Id. The courts defined the scope of the writ in accordance with the common law and limited it to an inquiry as to the jurisdiction of the sentencing tribunal.

Id. at 474-75. In 1867, however, the common law rule was changed by an Act of Congress which conferred jurisdiction to the United States District Court "to determine whether a prisoner has been deprived of liberty in violation of constitutional rights...." United States v. Hayman, 342 U.S. 205, 212 (1952). The Great Writ was codified in statutory provisions of Chapter 153 of Title 28 (§§ 2241-2255). Id.; see also Stantini v. United States, 986 F.Supp. 736 (E.D.N.Y. 1997). Thus, petitioner's writ of habeas corpus ad subjiciendum is not cognizable.

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. As noted above, Petitioner has already sought relief by way of § 2255 motion in the sentencing court.

Section 2241 also provides a remedy to federal prisoners, in two circumstances: (1) to challenge the execution of a sentence; and (2) to test the legality of a detention when § 2255 is otherwise unavailable. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim.

3

Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

In this case, Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the Central District of California, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Central District, not a habeas petition pursuant to § 2241 in this Court. To the extent he seeks relief by way of the savings clause, he may not do so because he has not shown the remedy under § 2255 to be inadequate and ineffective. It is clear he has had an unobstructed procedural opportunity to present his claim, and his claim of actual innocence is not credible.

First, Petitioner has already raised the arguments he presents here in his prior § 2255 motion. See Madad, Case No. 11-50311, Doc. 147. The sentencing court denied the motion on the merits. Id., Docs. 166-167. Petitioner then appealed to the Ninth Circuit and judgment was affirmed. Thus, he has had unobstructed procedural opportunities to present his claims.

Second, Petitioner has failed to show a credible claim of actual innocence. In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.

Petitioner admitted in his signed plea agreement and under oath at the hearing on his change of plea that he defrauded his investors. He admitted the following, among other facts:

> Defendant MADAD held himself out as a successful investor who had not lost money in a single day of trading except one day in November 2006 and who used a day-trading technique that was consistently profitable. Defendant MADAD told other investors that he did not and would not trade on margin, and that he would return any funds received from other investors, together with the profits that defendant MADAD would make for

the investors, upon their request. Defendant MADAD also told investors that he would not take any fees or compensation for managing the invested funds.

Defendant MADAD received money from investors, who believed that defendant MADAD would invest their money in a way that would generate consistent profits. After receiving their money, defendant MADAD provided monthly account statements to the investors which always showed gains in their investment accounts.

In fact, as defendant MADAD knew, defendant had and did trade on margin; his trading activity was not consistently profitable; the account balances shown on the monthly account statements were false; and defendant MADAD used investor funds to pay for his own personal expenses and the expenses of his family, and to make cash distributions to himself and members of his family.

Between October 2005 and March 2011, defendant MADAD received over $49 million from investors. . . Between 2006 and 2011, defendant MADAD used over $15.5 million of the funds received from investors to, among other uses, purchase real estate, jewelry, and vehicles; to pay credit card balances; and to fund cash disbursements to himself and family members. Defendant MADAD returned approximately $17.7 million to investors. The remainder of the funds entrusted to defendant MADAD by the investors was lost in unsuccessful trading.

Madad, Case. No. 11-50311, Doc. 153-2 at 16. He has never moved to withdraw his guilty plea and did not challenge the voluntariness of the pleas on appeal. Id., Doc. 152 at 24. Moreover, he stated under oath that his pleas were voluntary and no threats had been made to induce them. Id. Against these representations under oath, Petitioner declares that witnesses lied and that the prosecution relied upon false evidence. Petitioner fails to demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623.

Accordingly, the Court concludes that the petition should be dismissed for lack of jurisdiction. A petition for writ of habeas corpus ad subjiciendum is not cognizable, and to the extent he seeks habeas relief by way of § 2244, Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims.

## ORDER

The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

5

Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 1, 2019**                              **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE