UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED QAISAR MADAD,<br><br>Petitioner,<br><br>v.<br><br>GEORGINA PUENTES,<br><br>Respondent. | No. 1:19-cv-00488-DAD-JLT<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION AND RESOLVING MOTION FOR CLARIFICATION<br><br>(Doc. Nos. 13–15) |

This matter is before the court on petitioner's motions for reconsideration of the court's order denying his petition for writ of habeas corpus, as well as petitioner's motion for clarification. (Doc. Nos. 13–15.) For the reasons discussed below, petitioner's motions will be denied.

**BACKGROUND**

On May 1, 2019, the assigned magistrate judge issued findings and recommendations, recommending that the petition be dismissed because petitioner did not qualify under 28 U.S.C. § 2255's savings clause to seek relief under 28 U.S.C. § 2241. (Doc. No. 6.) On June 18, 2019, the undersigned adopted those findings and recommendations in full. (Doc. No. 9.) Plaintiff filed motions for reconsideration of that order on July 15, 2019 and August 16, 2019. (Doc. Nos. 13–

/////

1

14.) Plaintiff separately filed a request for clarification as to the status of this case on September 23, 2019. (Doc. No. 15.)

**LEGAL STANDARD**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

**DISCUSSION**

The court previously denied the petition brought pursuant to § 2241 after finding that petitioner had not adequately demonstrated his actual innocence of the charges to which he pled guilty to and of which he was convicted. Although petitioner continues to call into question the veracity of the evidence against him, the court once again finds that he has failed to meet his burden of demonstrating his actual innocence as to those charges. Not only did petitioner plead guilty to the charged offenses, he admitted specific facts under oath establishing that he defrauded investors, and also stated under oath that his guilty pleas were entered voluntarily. Petitioner's motions for reconsideration simply reassert the arguments raised in the petition filed in this action, and the court finds no basis to depart from its prior ruling.

/////
/////
/////
/////
/////

With respect to petitioner's request for clarification for case status, the court advises petitioner that this case is now closed.

For these reasons, petitioner's motions for reconsideration and motion for clarification (Doc. Nos. 13–15) are denied.

IT IS SO ORDERED.

Dated: **October 23, 2019**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE